IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:12-CR-27-BO-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM EDWARD LEARY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's letter which it construes as a pro se motion to modify restitution payment schedule [DE 112]. For the reasons stated herein, the motion is DENIED.

## BACKGROUND

Defendant was convicted of armed bank robbery aiding and abetting in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2. A criminal judgment was entered in this matter on July 18, 2013. The defendant's sentence included a prison term of 30 months, supervised release of 3 years, and the defendant was ordered to pay restitution in the amount of $6,547 and a special assessment of $100 due in full immediately. On April 28, 2014, the defendant filed the instant motion, requesting the Court to clarify and/or modify his restitution payments. The government has not responded.

## DISCUSSION

In the case at bar, the Court did not set a schedule for payment of restitution. The Court instead ordered that the judgment was due and payable in full immediately. This language allows the United States to use any legal means necessary to collect the judgment. The Court also

specified that if the restitution and fines were not paid immediately that it may be paid through the Inmate Financial Responsibility Program ("IFRP"). The Fourth Circuit has made clear that the provisions of the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A and 3664, should be strictly construed, and that modifications of restitution should only be allowed where specifically provided for in that statute. *United States v. Roper*, 462 F.3d 336 (4th Cir. 2006). "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)).

Here, defendant has neither cited nor briefed any statute or rule allowing for a modification of the judgment. Therefore, this Court is without the authority to modify the final judgment as requested by defendant. Because defendant has cited no authority for the Court to modify its original judgment, his motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

SO ORDERED, this ___9___ day of May, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE